IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CRYSTAL KEEN, CHRISTOPHER KEEN, JENNIFER KEEN, AND JONATHAN KEEN | § § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | Civil Action No. <u>5:19-cv-00495</u> |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | § § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

Plaintiffs Crystal Keen, Christopher Keen, Jennifer Keen, and Jonathan Keen ("Plaintiffs") file this Original Complaint against Defendant The Prudential Insurance Company of America ("Prudential") and allege as follows:

## I.
## PARTIES

1. Plaintiff, Crystal Keen, is an individual and resident of Bexar County, Texas.

2. Plaintiff, Christopher Keen, is an individual and resident of Fauquier County, Virginia.

3. Plaintiff, Jennifer Keen, is an individual and resident of Bexar County, Texas.

4. Plaintiff, Jonathan Keen, is an individual and resident of Travis County, Texas.

5. Defendant, Prudential, is an insurance company licensed to do business in Texas, with its principal place of business in New Jersey. Prudential can be served with citation by serving

its Attorney for Service, C T Corporation System, by certified mail, return receipt requested, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## II.

## JURISDICTION AND VENUE OF ERISA CLAIMS

6. This action against Prudential arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act") § 502(e)(1), which confers jurisdiction in this Court pursuant to 29 U.S.C. §1132(e)(1).

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) because the breach occurred in this district. Venue also exists in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this district.

## III.

## FACTUAL BACKGROUND

8. Plaintiffs' mother was Caray Keen ("Keen"), who died on March 9, 2018. Keen became employed by Education Corporation of America ("ECA") on July 11, 2016.

9. While she was employed at ECA, Keen enrolled in its Group Insurance Plan, which provided ECA employees with basic term life insurance ("Basic Life"), optional term life insurance ("Optional Life"), short-term disability insurance, and long-term disability insurance. Prudential issued the policies insuring the Basic and Optional Life insurance coverage and also handled all aspects of underwriting and claims handling as the Group Insurance Plan's claim administrator.

10. Keen first enrolled in the Group Insurance Plan effective October 1, 2016 and obtained Basic Life coverage in the amount of her salary of $85,000[1] and Optional Life coverage in the amount of $255,000. She also obtained short- and long-term disability insurance coverage for monthly payments of 60% of her salary.

11. ECA paid the premiums for both Keen's Basic and Optional Life coverages under the Plan from October 1, 2016, first day the life insurance became effective, to the date of her death in March 2018.

12. Prudential also renewed both the Basic and Optional Life insurance coverages on October 1, 2017 and continued to make premium payments for both types of insurance until it learned Keen had died in March 2018.

13. Keen was forced to take a leave of absence from her position at ECA under the Americans with Disabilities Act beginning on September 13, 2016 after she was diagnosed with brain cancer. Upon information and belief, she applied for and Prudential approved her claim for total disability benefits under the disability coverages portion of the Group Insurance Plan from September 13, 2016 until her death.

14. Jennifer Keen, who was the beneficiary of the proceeds of the Basic Life coverage, notified Kelly Payant of ECA of her mother's death on or about March 15, 2018, at which time, under information and belief, ECA reported the claim to Prudential.

15. On March 26, 2018, Payant completed a Contract Holder Statement for Prudential, in which she provided Keen's date of death, her date of hire, her position at ECA, and advised Prudential Keen was not actively at work immediately prior to her death, but that she was on a

---

[1] The claim file both states the Basic Life benefit was $85,000 and $100,000. It is not clear which amount applied to the benefit.

"leave of absence." Payant did not inform Prudential that Keen had been receiving disability benefits. She also stated the coverages that applied to the claim were $85,000 in Basic Life coverage and $255,000 in Optional Life coverage. Finally, she emphasized the significant fact that Prudential had not required Keen to provide it with evidence of insurability for the Optional Life coverage, despite its power to request and review such evidence before issuing any insurance coverage to Plan participants.

16. On March 27, 2018, Jennifer Keen, the only beneficiary Keen designated to receive the Basic Life proceeds, completed Prudential's Beneficiary Statement and submitted it to Payant. Keen did not make any beneficiary designations for the Optional Life, so Prudential decided the Optional Life benefits, if payable, would be split in fourths between Keen's four children.

17. On April 4, 2018, Laura Campbell from Prudential asked Payant to provide Keen's Optional Life enrollment form, her beneficiary designations for Basic and Optional Life, and asked her to confirm the last day Keen worked was September 12, 2016.

18. On April 10, 2018, Campbell informed Payant she had reviewed the Plan and had noticed there was an "active work requirement," which would have allegedly required Plaintiffs to present evidence that Keen was actively at work at ECA on a full-time basis on October 1, 2016, when the Optional Life coverage first became effective for Keen.

19. Payant responded to Campbell by questioning why Prudential had never required evidence of insurability before it issued the Optional Life coverage to Keen given that the Plan expressly stated the submission of evidence of insurability was mandatory if a participant sought an increase in the total amount of proceeds available under the Plan upon his or her death. Payant also wondered why Prudential had renewed Keen's coverage for Optional Life from October 1,

2017 to her death and the premiums Prudential received for the coverage matched the total amount of premiums for the $255,000 Optional Life death benefit.

20. On April 20, 2018, Campbell responded to Payant and asked her to confirm Keen's last day at work at ECA occurred on April 12, 2018 and her Optional Life coverage first became effective on October 1, 2018.[2] According to Campbell, if those dates were correct, the "active at work requirement" would have rendered the Optional Life coverage null and void.

21. However, the Plan provided a modification of the group contract which provided that although a participant's employment ends because the participant is no longer actively at work full-time, ECA can consider the participant as still employed and covered by the optional life insurance during certain types of absences from full-time work. These types of absences include leave of absence and disability—both of which applied to Keen.

22. Payant responded to Campbell by confirming the dates she listed were correct and asked if that meant "beneficiaries will receive the lesser election in place when [a participant] went on leave." It doesn't appear Campbell ever answered the question or that Payant considered the fact Keen was still actively employed because she was both on leave of absence and receiving disability benefits.

23. Payant also communicated with Jennifer Keen regarding Prudential's decision to deny her and her siblings' claim to the $255,000 Optional Life death benefit. Payant notified Jennifer on May 2, 2019 that Prudential had determined only $100,000 in Basic Life benefits were payable under the Plan because Keen had allegedly not been actively at work on October 1, 201,6 despite the fact she was on leave and receiving disability benefits. She also informed Jennifer her

---

[2] Campbell also informed Payant Prudential had already issued payment for the Basic Life death benefits to Jennifer Keen.

mother had paid too much in premiums because she had paid premiums for $255,000 in coverage to which she was not allegedly owed rather than just for the alleged $100,000 in Basic Life coverage for which she was deemed qualified.

24. When Jennifer subsequently asked Payant why ECA was distributing premium payments for a higher coverage amount when it was Prudential and ECA's position her Optional Life coverage never became effective, Payant vaguely responded that "We were not aware that Prudential would not pay the amount she elected. We gave her the amount that the benefits portal said she owed." Payant failed to inform Jennifer that her mother was actually considered actively at work and had coverage for Optional Life because she had been on leave and receiving disability benefits.

25. Although Payant informed Jennifer via email that Prudential had denied Plaintiffs' claim for the Optional Life death benefits, it appears neither ECA nor Prudential ever sent Jennifer or her siblings a formal written letter explaining the factual basis for the decision, explaining any language in the Plan Prudential claimed supported the decision, an explanation of Plaintiffs' appeal rights under the Plan or the type of evidence Prudential would need to see to reverse its decision, or their right to bring a civil action under ERISA in the event their appeal was denied. Prudential's failure to provide Plaintiffs with even a cursory factual or legal description of why it denied their claim is an obvious violation of 29 C.F.R. § 2560.503(g), an ERISA regulation governing the mandatory contents of an employee benefit denial letter under ERISA. Prudential's failure to inform Plaintiffs of their appeal rights under the Plan or provide them with even a conclusory description of the evidence they would need to submit to Prudential on appeal so that it would consider reversing its decision was also a violation of 29 C.F.R. § 2560.503-1(h).

26. Because Prudential failed to follow mandatory ERISA regulations in denying Plaintiffs' claim, it also flagrantly failed to provide Plaintiffs with a full and fair review of their claim as required by section 502(a)(1)(B) of ERISA.

27. Prudential's decision to deny Plaintiffs' claim for the Optional Life proceeds was utterly unreasonable and is unsupported by the great weight of the evidence in her claim file, including the language of the Plan.

28. Due to Prudential's unreasonable and egregious conduct in denying Plaintiffs' benefits, Plaintiffs are entitled to the $255,000 in Optional Life insurance coverage, interest, and attorneys' fees.

## IV.

## COUNT ONE

### Breach of the Plan and Policy Provisions Claim

29. Plaintiffs incorporate paragraphs 1-28 as if fully set forth herein.

30. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiffs are entitled to receive the Optional Life proceeds because Keen was considered to be actively at work when her coverage took effect and when she died.

31. In determining whether the Optional Life proceeds were payable, Prudential and ECA ignored the modification to the Plan that stated Keen was considered actively at work if she had taken a leave of absence or was disabled—both of which she was at the time her Optional Life coverage became effective and for which she paid premiums.

32. Prudential also failed to follow 29 C.F.R. § 2560.503(g), which required it to send a denial letter to Plaintiffs containing a long list of mandatory items, including the reasons for its denial of their claim. This failure denied Plaintiffs a full and fair review of their claim.

33. Plaintiffs have complied with their obligations to make proof of claim in accordance with the Plan's requirements and have exhausted their remedies under the Plan.

34. Plaintiffs are entitled to have the Court conduct a trial *de novo* of the issues stated herein because Prudential operated under a conflict of interest and it failed to conduct a full and fair review of Plaintiffs' claim.

35. In the alternative, Prudential's decision to deny Plaintiffs'' benefits was arbitrary and capricious.

36. Plaintiffs are entitled to the Optional Life proceeds because Prudential's decision completely ignored the language in the Plan that deemed Keen to be actively at work while she was on a leave of absence from work and receiving disability benefits. Prudential's investigation of Plaintiffs' claim was so flawed and self-interested that its decision to deny benefits was unreasonable.

## V.

## COUNT TWO

### Reasonable and Necessary Attorney's Fees

37. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiffs seeks an award of their reasonable and necessary attorney's fees in connection with the prosecution of this action.

## PRAYER

Plaintiffs request the Court order:

1. Prudential to pay Plaintiffs the unpaid $255,000 in Optional Life benefits;

2. Prudential to pay pre-judgment interest on the unpaid $255,000 in Optional Life benefits;

3. Prudential to pay Plaintiffs' reasonable attorney's fees incurred in pursuing recovery of the benefits owed to them.

> Respectfully Submitted,
>
> **THE LAW OFFICE OF JESSICA TAYLOR**
> 14100 San Pedro, Suite 602
> San Antonio, Texas 78232
> (210) 402-4022 (Telephone)
> (210) 402-1225 (Fax)
>
> By: */s/ Jessica Taylor*
> JESSICA TAYLOR
> Texas State Bar No. 24013546
> jessica@jtaylorlaw.com
>
> **ATTORNEYS FOR PLAINTIFF**